```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
LAURENCE CAPPELLI,                                                :
                                                                  :
                                             Plaintiff(s),        :      1:13-cv-3481-GHW
                                                                  :
                        -v -                                      :      OPINION & ORDER
                                                                  :
JACK RESNICK & SONS, INC., BROADWAY                               :
& 56TH STREET ASSOCIATES, L.P., and                               :
SERVICE EMPLOYEES INTERNATIONAL                                   :
UNION, 32BJ SERVICE EMPLOYEES                                     :
INTERNATIONAL UNION, as aider and abettor,                        :
                                                                  :
                                             Defendant(s).        :
                                                                  :
----------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/22/14

GREGORY H. WOODS, District Judge:

Plaintiff Laurence Cappelli ("Plaintiff"), a former building superintendent at 235 West 56th Street, New York, NY ("235 West 56th St.") brings claims against Defendant Jack Resnick & Sons, Inc. ("Resnick"), the property manager of 235 West 56th St., Defendant Broadway & 56th Street Associates, L.P. ("Broadway Associates"), the owner of 235 West 56th St., and Defendant 32BJ Service Employees International Union (the "Union"), which represented him while he was employed there, alleging age and sex discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 *et seq.* Before the Court are Defendants' motions to dismiss pursuant to Federal Rules of Civil Procedure Rules 12(b)(1) and 12(b)(6). For the reasons set forth below, Defendant Union's motion is GRANTED and Defendants Resnick's and Broadway Associates's motion is DENIED.

I.   BACKGROUND

    A.   Facts[1]

Between October 19, 2009 and March 2, 2012, Plaintiff was employed as a building superintendent at 235 West 56th St., a building owned by Defendant Broadway Associates and managed by Defendant Resnick. Am. Compl. ¶¶ 13, 26; Weinberg Decl. ¶ 2. Plaintiff alleges that around January 2010, Barbara Elliot, Plaintiff's superior, and Ibrahim Paljevic, an assistant to Plaintiff, began engaging in "sexually explicit behavior" and continued to do so even after he complained. Am. Compl. ¶¶ 16-18. On November 17, 2011, Plaintiff received a disciplinary warning, and on February 1, 2012, Plaintiff received a negative performance review following a confrontation with a tenant. *Id.* ¶¶ 21-22. Plaintiff felt that he was experiencing harassment and filed a complaint with the Union. *Id.* ¶¶ 23-24. Plaintiff also filed a charge of discrimination against Defendant Resnick with both the New York State Division of Human Rights ("NYSDHR") and the Equal Employment Opportunity Commission ("EEOC"),[2] alleging sex discrimination and retaliation.[3] *Id.* ¶ 25; Am. Compl. Ex. A (EEOC Charge). On March 2, 2012, Defendant Resnick discharged Plaintiff, then 57 years old, and "transferred his responsibilities to a much younger employee." *Id.* ¶¶ 26, 28-29; Weinberg Decl. ¶ 4. Plaintiff filed a complaint about his unjust

---

[1] For the purpose of resolving these motions to dismiss, the Court accepts the truth of the factual allegations in the Amended Complaint ("Am. Compl."), Dkt. 24, drawing all reasonable inferences in favor of the Plaintiff. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

[2] Plaintiff states that he filed his EEOC charge on February 29, 2012, Am. Compl. ¶ 25, and the Charge of Discrimination form that Plaintiff submitted with his Amended Complaint is dated February 29, 2012 and marked as received on March 2, 2012. Am. Compl. Ex. A. However, Defendant Resnick appears to have received an EEOC Notice on February 16, 2012. Weinberg Decl. Ex. D. This discrepancy is irrelevant at this stage, however.

[3] The documentation regarding Plaintiff's EEOC charge is inconsistent. The EEOC Notice of Charge of Discrimination sent to Defendant Resnick on February 14, 2012 indicates that Plaintiff filed a claim asserting only sex discrimination and retaliation under Title VII. Weinberg Decl. Ex. A. Further, Attorney Weinberg, counsel to Defendants Resnick and Broadway Associates, indicates that he was informed by the EEOC that Plaintiff never filed an age discrimination claim with the Commission. Weinberg Decl. ¶ 11. However, the Charge of Discrimination form submitted by Plaintiff contains a handwritten "X" in the box labeled as "Age." Am. Compl. Ex. A. The Court need not resolve these discrepancies to dispose of these motions.

discharge with the Union, and was informed that the Union would not arbitrate his claim. Am. Compl. ¶¶ 27, 30. Plaintiff received a Dismissal and Notice of Rights from the EEOC on February 25, 2013, and he filed this lawsuit on May 23, 2013. *See* Am. Compl. Ex. B; Compl., Dkt. 1.

### B. Procedural History

Plaintiff commenced this action on May 23, 2014, culminating in an Amended Complaint on October 28, 2013. Dkt. 24. On November 14, 2013, Defendant Union filed a motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6) on the grounds that (1) Plaintiff failed to file an administrative charge with the EEOC against the Union and the time to do so has passed, barring his Title VII and ADEA claims; (2) Plaintiff failed to allege any facts supporting his discrimination claims against the Union; (3) Plaintiff's state and local discrimination claims are preempted by the federal duty of fair representation; and (4) to the extent Plaintiff is alleging that the Union breached its duty of fair representation, Plaintiff's claim is barred by the applicable six-month statute of limitations and otherwise lacks sufficient factual support. Dkt. 27. On November 18, 2014, Defendants Resnick and Broadway Associates filed a motion to dismiss the complaint pursuant to pursuant to Rules 12(b)(1) and 12(b)(6) on the grounds that Plaintiff (1) is required to mediate and arbitrate his claims of discrimination pursuant to the terms of a collective bargaining agreement that governed his employment, (2) cannot demonstrate that the Union breached its duty of fair representation, and (3) failed to file an administrative charge with the EEOC and the time to do so has passed, barring his Title VII and ADEA as to Defendant Broadway Associates. Dkt. 29.

On August 8, 2014, Defendants Resnick and Broadway Associates filed a supplemental motion to compel arbitration. Dkt. 45. At a telephonic conference with the Court on August 22, 2014, Defendants Resnick and Broadway Associates withdrew from their motion to dismiss the claim that Plaintiff is required to mediate and arbitrate his claims of discrimination pursuant to the terms of the Collective Bargaining Agreement and the related Supplemental Agreement and

Protocol. Dkt. __. Those Defendants also withdrew their separate motion to compel arbitration. *Id.*

## II.     MOTION TO DISMISS

### A.     Standard of Review

"Normally, motions to dismiss for lack of [subject matter] jurisdiction pursuant to Rule 12(b)(1) must be decided before motions pursuant to other Federal Rules of Civil Procedure are considered," *Liberty Ridge LLC v. RealTech Sys. Corp.*, 173 F. Supp.2d 129, 134 (S.D.N.Y. 2001), "since if [the court] must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." *Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990). (internal citation and quotation omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists," *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000), and the court must "accept as true all material factual allegations in the complaint." *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992). "Although courts are generally limited to examining the sufficiency of the pleadings on a motion to dismiss, on a challeng[e] [to] the district court's subject matter jurisdiction, the court may resolve disputed jurisdictional fact issues by reference to evidence outside the pleadings." *Flores v. S. Peru Copper Corp.*, 414 F.3d 233, 255 n.30 (2d Cir. 2003) (citations omitted).

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege facts, when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While a claim need not assert "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555, legal conclusions, unsupported by factual assertions, are insufficient. *Ashcroft v. Iqbal*, 556 U.S. at 664. "[A] district court may consider the facts alleged in the complaint, documents attached to

4

the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (citation omitted). "When documents are integral, known of and possessed by the plaintiff, and there is no dispute as to their authenticity, the Court may consider them on a motion to dismiss." *Zustovich v. Harvard Maint., Inc.*, 73 Fed. R. Serv. 3d 462, at *5 (S.D.N.Y. 2009) (citations omitted). Further, "[j]udicial notice may be taken of public filings," such as an EEOC charge. *Kavowras v. New York Times Co.*, 328 F.3d 50, 57 (2d Cir. 2003); *see also Kouakou v. Fideliscare* New York, 920 F. Supp. 2d 391, 394 (S.D.N.Y. 2012) ("Because the EEOC Charge is part of an administrative proceeding, the Court may take judicial notice of it without converting Defendant's motion into a motion for summary judgment.").

### B.     Subject Matter Jurisdiction

Generally, "a district court lacks subject matter jurisdiction over parties not named in an EEOC charge." *Gagliardi v. Universal Outdoor Holdings, Inc.*, 137 F. Supp. 2d 374, 379 (S.D.N.Y. 2001); *see also* 42 U.S.C. § 12117(a); 42 U.S.C. 2000e-5(f)(1). This requirement provides an alleged discriminator with "notice of the alleged violation and an opportunity to voluntarily remedy the situation before the plaintiff resorts to filing a complaint in federal court." *Gagliardi*, 137 F. Supp. 2d at 379. However, "[b]ecause these charges generally are filed by parties not versed in the vagaries of Title VII and its jurisdictional and pleading requirements, [the Second Circuit has] taken a 'flexible stance in interpreting Title VII's procedural provisions,' so as not to frustrate Title VII's remedial goals." *Johnson v. Palma*, 931 F.2d 203, 209 (2d Cir. 1991), *quoting Egelston v. State University College at Genesco*, 535F.2d 752, 754, 755 (2d Cir. 1974) (additional citations omitted). Thus, courts may exercise jurisdiction over a party not named in an EEOC charge "where there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge." *Johnson* 931 F.2d at 209; *see also Gagliardi*, 137 F. Supp. 2d at 379 (applying the "identity of interest" exception, which was originally applied to Title VII claims, to a case involving ADEA claims).

To determine if such an "identity of interest" exists, a court must consider:

> (1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; (4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Vital v. Interfaith Medical Center*, 168 F.3d 615, 619 (2d Cir. 1999) (internal quotation and citation omitted). A court must weigh these factors, and "no single factor is determinative." *Dortz v. City of New York*, 904 F. Supp. 127, 143 (S.D.N.Y. 1995).

"As a threshold matter, this exception only applies where plaintiff is not represented by counsel . . . at the time of the EEOC filing . . . ." *Sharkey v. Lasmo (Aul Ltd.)*, 906 F. Supp. 949, 954 (S.D.N.Y. 1995); *see also Kudatzky v. Galbreath Co.*, 1997 WL 598586, at *2 (S.D.N.Y. Sept. 23, 1997). It is undisputed that Plaintiff was unrepresented at the time of filing his EEOC charge, and that he did not name Defendant Broadway Associates or Defendant Union in the charge. *See* Am. Compl. Ex. A (EEOC Charge); Weinberg Decl. Ex. D. Therefore, the Court must determine whether a clear identity of interests existed between the party named in Plaintiff's EEOC filing – Resnick – and each of the other two defendants – Broadway Associates and the Union.

    1.    <u>Defendant Broadway Associates</u>

The Court must first determine whether Plaintiff could, "through reasonable effort," have determined the identity of Defendant Broadway Associates prior to filing his charge with the EEOC. *Vital*, 168 F.3d 615, 619 (2d Cir. 1999). A plaintiff satisfies this requirement if he "did not know, or have reason to know, that [an entity] existed as a corporate entity during the time of the alleged discriminatory acts." *Sharkey*, 906 F. Supp. at 955. Here, Plaintiff states that he did not know Defendant Broadway Associates, the owner of the building in which he worked, was his employer because the Broadway Associates was not named in the CBA. Pl.'s Opp'n Mem. at 7.

6

However, Plaintiff does not suggest that it would have been difficult to obtain that information, or that the relationship between his supervisors was opaque or confusing. *Cf. Zustovich*, 73 Fed.R.Serv.3d 462, at *8 (S.D.N.Y. 2009) (Plaintiff "did not know, nor could she reasonably have been expected to know, the relative roles of the various parties with respect to her employment," and explaining that Plaintiff's two direct supervisors were employed by different companies, making it difficult for Plaintiff to ascertain who the EEOC claim should have been brought against). Thus, the Court believes that Plaintiff could have learned the identity of Defendant Broadway Associates through reasonable effort, and that this factor weighs against a finding of identity of interest.

Second, the Court considers whether "the unnamed party's interests were represented adequately at the administrative proceeding." *Id.* at *9. Where the unnamed party is represented by the same counsel as the named party, this factor is likely to be satisfied. *Id.* Additionally, where the unnamed entity is an agent or employee of the named entity, or played another such significant role in the operation of the named entity, the two entities' interests may be considered sufficiently similar. *See Daniel v. T & M Prot. Res., Inc.*, 2014 WL 182341, at *9 (S.D.N.Y. Jan. 16, 2014) (finding a company's interests to have been adequately represented by the naming of another company because the unnamed company "contractually delegated to [the named company] substantial responsibility for the security of [a building], including staffing decisions"). As in *Daniel,* Defendant Resnick was under contract to "provid[e] property management services to" Defendant Broadway Associates. Weinberg Decl. ¶ 3. In addition, both Defendants are represented by the same counsel. Therefore, the second factor weighs in favor of finding identity of interest.

"Courts have found the third factor . . . to be satisfied where the agency in which the plaintiff filed his or her administrative charge took no conciliatory action." *Zustovich*, 2009 WL 735062 at *9. Here, the EEOC declined to take any conciliatory action, so this factor weighs in favor of finding identity of interest. *See* Am. Compl. Ex. B (Dismissal and Notice of Rights) ("Based

7

upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes").

In assessing the fourth factor, "courts often look to the nature of the relationship between the named and unnamed parties—e.g., whether there is an agent-principal relationship such that the unnamed party may be charged with the acts of the named party." *Zustovich*, 2009 WL 735062 at *9 (finding this factor satisfied where there was a "contractor-subcontractor relationship" between the named and unnamed parties); *see also Daniel*, 2014 WL 182341 at *10 (finding this factor satisfied where the named Defendant property manager made all employment-related decisions with respect to the staff in unnamed Defendant's property and the record indicated that the unnamed Defendant had no employment-related authority). Here, the relationship between Defendant Resnick and Defendant Broadway Associates, as manager and owner of the same building, is analogous to a principal-agent relationship. Thus, this factor also supports finding identity of interest. Indeed, other courts in this district have found identity of interest in cases where defendants had similar relationships. *See Zustovich*, 2009 WL 735062 at *9; *Daniel*, 2014 WL 182341, at *10.

Weighing these factors, and considering that three of the four factors are satisfied, the Court believes that application of the identity of interest exception is appropriate in this case. *See Zhao v. State Univ. of N.Y.*, 472 F. Supp. 2d 289, 305-06 (E.D.N.Y. 2007) (applying identity of interest exception where two of the four factors are met given the "close, intertwined relationship between the two entities and the lack of prejudice to the [unnamed Defendant]"); *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1241-42 (2d Cir. 1995) (finding identity of interest based on satisfaction of second and third factor). Thus, this Court has subject matter jurisdiction over Plaintiff's claims against Defendant Broadway Associates.

      2.    <u>Defendant Union</u>

Assessing these factors with respect to Defendant Union, the Court believes that application of the identity of interest exception is not proper. Indeed, "courts in the Second Circuit have held consistently that unions and employers generally do not share the clear identity of interest necessary to waive Title VII and ADEA notice requirements." *Cole v. Central Park Systems, Inc.*, 2010 WL 3747591, at *6 (E.D.N.Y. Sept. 20, 2010) (citing, among others, *Vital*, 168 F.3d; *Wells v. Mt. Vernon Hosp.*, 2002 WL 1561099, at *3 (S.D.N.Y. July 15, 2002)).

First, Plaintiff was well aware of the Union's existence prior to filing his EEOC charge. *See, e.g.*, Am. Compl. ¶¶ 14, 24. Second, the Union's interests are significantly different from those of Defendant Resnick, the property manager named in the EEOC charge. *See, e.g.*, *Vital*, 168 F.3d at 620. Third, although the EEOC took no conciliatory action, the nature of the relationship between an employee and a union, and the fact that the union "played no role in [the decision] relating to employees' grievances," would likely have resulted in the termination of all charges against the Union by the EEOC. *Johnson*, 931 F.2d at 210 (2d Cir. 1991). Thus, the failure to name the Union in the EEOC charge can "prejudice the . . . Union because it would be forced to participate in proceedings to resolve a dispute when it played absolutely no role in the cause of that dispute." *Id.* Finally, the fourth factor is not satisfied with respect to the Union because the Union never indicated that its relationship with Plaintiff was through Defendant Resnick. *See Vital*, 168 F.3d at 620. Because none of the factors are satisfied with respect to the Union, the identity of interest exception does not apply. Thus, this Court lacks subject matter jurisdiction over the Union for Plaintiff's claims of age and sex discrimination and retaliation under the ADEA and Title VII.

"In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998); *see also* 28 U.S.C. § 1367(c)(3) (A district court which has "dismissed all claims over which it has original jurisdiction" within a given case "may decline to exercise supplemental jurisdiction" over remaining claims.).

9

Once all federal law claims have been dismissed, "the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Accordingly, Plaintiff's NYSHRL and NYCHRL claims against the Union are dismissed.[4] *See id.* at 348.

### C. Duty of Fair Representation

"[I]f plaintiff can show that the failure to arbitrate . . . was due to the Union's wrongful conduct, that is, a breach of its duty to represent plaintiff fairly, then the judicial forum will still be open." *Young v. U.S. Postal Serv.*, 907 F.2d 305, 307 (2d Cir. 1990). A plaintiff carries the burden of proving a breach of the duty of fair representation. *Sanozky v. International Ass'n of Machinists & Aerospace Workers*, 415 F.3d 279, 282 (2d Cir. 2005). A breach occurs when a union's "conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith," *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 44 (1998), or when "the union handles a 'meritorious grievance . . . in perfunctory fashion,'" *Young*, 907 F.2d at 308 (quoting *Vaca*, 386 U.S. at 191). However, "the duty of fair representation is not breached when the union fails to process a meritless grievance . . ." *Cruz v. Local Union No.3*, 34 F.3d 1148, 1153-54 (2d Cir. 1994). Indeed, because "a member does not have an absolute right to have his or her union arbitrate a grievance," *Forsythe v. Amalgamated Warbasse Houses, Inc.*, 2012 WL 1481512, at *8 (S.D.N.Y. Apr. 27, 2012), "[a] union's failure or refusal to pursue a grievance on its own does not constitute a breach of the duty of fair representation unless that failure or refusal may be 'fairly characterized as so far outside of a wide range of reasonableness that it is wholly irrational or arbitrary.'" *Vera v. Saks & Co.*, 424 F. Supp. 2d 694, 706

---

[4] The Union also argues that Plaintiff's state and local claims against it must be dismissed because they are "preempted by the federal duty of fair representation." Union's Mem. at 6. Having declined to exercise supplemental jurisdiction over Plaintiff's state and city law claims, the Court need not reach this argument.

(S.D.N.Y. 2006) (quoting *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991) (other internal citations omitted). A plaintiff asserting that a union "processe[d] a grievance in a perfunctory fashion . . . cannot prevail on such a claim unless she establishes that further action on the Union's part would have resulted in a favorable outcome." *Yarde v. Good Samaritan Hosp.*, 360 F. Supp. 2d 552, 563 (S.D.N.Y. 2005) (internal citation omitted).

Here, Plaintiff has failed to adequately plead a breach of the duty of fair representation, noting only that the Union sent him a letter stating that it would not arbitrate his claim. Am. Compl. ¶ 30. Plaintiff's argument, absent from his Amended Complaint and first raised in his Opposition to Defendants' motions to dismiss, that "[t]he Union based its decision not to arbitrate Plaintiff's claims on the basis of a cursory interview and not a thorough and complete investigation," Pl.'s Opp'n Mem. at 9, also fails. Plaintiff's own recitation indicates that the Union considered Plaintiff's claim and determined after investigation that Plaintiff's claims were without merit. *See id.* ("The Union stated '[a]s you know, our investigation included an interview with you . . . based on which we do not believe that there is sufficient evidence to support a meritorious claim of discrimination against your Employer.'") Even taking as true Plaintiff's allegations, he has not demonstrated that additional investigation would have produced different results. *Yarde*, 360 F. Supp. 2d at 563. Thus, Plaintiff has failed to show that the Union breached its duty of fair representation.

### III. CONCLUSION

For the foregoing reasons, Defendant Union's motion to dismiss is GRANTED, and Defendants Resnick's and Broadway Associates' motion to dismiss the complaint against Broadway Associates on the grounds that Plaintiff failed to exhaust its administrative remedies is DENIED. Defendants Resnick's and Broadway Associates's motion to dismiss on the grounds that Plaintiff is required to mediate and arbitrate his claims of discrimination, and their supplemental motion to compel arbitration, have been withdrawn, therefore the Court does not address those arguments.

The Clerk of the Court is directed to terminate the motions at docket numbers 27, 29, and 45, and to dismiss Defendant 32BJ Service Employees International Union from the case.

SO ORDERED.

Dated: August 22, 2014
      New York, New York

                                                GREGORY H. WOODS
                                            United States District Judge